<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., | : Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | : Civil Case No. 11-2222 (FSH) (MAH) |
| v. | : **ORDER** |
| OPPORTUNITY OPTIONS, INC., and DAVID A. CARTER, | : Date: December 22, 2011 |
| Defendants. | : |

**<u>HOCHBERG, District Judge</u>;**

This matter coming before the Court upon Plaintiff Days Inns Worldwide, Inc.'s ("DIW") Motion for a Default Judgment against Defendants Opportunity Options, Inc. and David A. Carter pursuant to Fed. R. Civ. P. 55(b)(2);

it appearing that Plaintiff filed the instant action against Defendants on April 19, 2011, alleging that corporate Defendant Opportunity Options, Inc. had breached its obligations under the License Agreement between the parties once that License Agreement had been prematurely terminated by Defendants, and alleging that Defendant David A. Carter had breached a guaranty; and Defendants having been served on July 29, 2011 and having failed to answer or appear in this action in any manner; and entry of default having been entered against Defendants on August 31, 2011; and Plaintiff having provided Defendants with written notice of their motion for default judgment; and Defendants having failed to respond to the instant Motion and the time for such response having lapsed; and Plaintiff seeking damages in the form of Recurring Fees,

Actual Damages, prejudgment interest, and attorneys' fees and costs as a result of the breach and premature termination of the License Agreement between Plaintiff and Defendants and as a result of the breach of the guaranty between Plaintiff and the individual Defendant; and Plaintiff's submissions having been considered pursuant to Fed. R. Civ. P. 78; and

**IT IS** on this 22nd day of December, 2011

**ORDERED** that Plaintiff's motion for default judgment (Docket # 8) is **DENIED** without prejudice to re-file a motion for default judgment that provides the Court with the following information by **January 23, 2012**:

- A calculation of the net present value of the Actual Damages sought by Plaintiff pursuant to the Indiana Addendum to the License Agreement, including an explanation of the calculation including justification of the chosen discount rate.  By way of example, the Court refers Plaintiff to the United States District Court for the Northern District of Indiana's consideration of such a net present value calculation in *Days Inn Worldwide, Inc. v. Exhibit Chicago, Inc*., No. 1:08-CV-124(TS), 2009 WL 1010843, at *9 (N.D. Ind. Apr. 14, 2009).

- A calculation of what Plaintiff's Actual Damages would be if calculated according to the Liquidated Damages provision in section 12 of the License Agreement (as opposed to the superseding damages provision in the Indiana Addendum) so that the Court may compare the two damages figures.

- A compendium of cases, along with a brief analyzing such cases, in which courts, both inside and outside of Indiana, have considered a franchisor's motion for default judgment against a franchisee under the Indiana Addendum at issue in this case.  The brief shall specifically address these courts' consideration of a franchisor's demand for "compensation for all damages, losses, costs and expenses (including reasonable attorney's [sic] fees) incurred by [franchisor] and/or amounts which would otherwise be payable for and during the remainder of the unexpired Term of the License Agreement but for such termination."  Affidavit of Suzanne Fenimore in Support of Motion for Entry of Final Judgment by Default, Ex. A.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.